IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| AVANOS MEDICAL SALES, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. |
| v. ) | 2:19-cv-02754-JPM-cgc |
| ) | |
| MEDTRONIC SOFAMOR DANEK USA, INC., ) | |
| MEDTRONIC INC., and ) | |
| MEDTRONIC USA, INC., ) | |
| ) | |
| Defendants. ) | |

**ORDER DENYING DEFENDANTS' MOTION FOR LEAVE TO AMEND FINAL INVALIDITY AND UNENFORCEABILITY CONTENTIONS**

**I.    BACKGROUND**

Before the Court is Defendants Medtronic Sofamor Danek USA, Inc., Medtronic USA, Inc., and Medtronic, Inc.'s (collectively, "Defendants") Motion for Leave to Amend Final Invalidity and Unenforceability Contentions, filed on December 18, 2020. (ECF No. 129.) Plaintiff filed a Response in Opposition on January 4, 2021. (ECF No. 134.) The Court held a status conference on January 5, 2021, at which it heard arguments on the pending motion. (ECF No. 135.) Defendants filed a Reply to Plaintiff's Response on January 12, 2021. (ECF No. 138.) Defendants' motion is **DENIED**.

**II.    ANALYSIS**

Local Patent Rule 3.8(d) allows for amendments to final contentions "upon a showing of good cause and absence of unfair prejudice, made in timely fashion, following discovery of the basis for such amendment." The Court addresses each of these issues below:

### A) Good Cause Does Not Exist for the Amendments

"Apart from amendments designed to take account of the district court's claim constructions, amendments are permitted only for 'good cause' even though the period allowed for discovery typically will not have expired." O2 Micro Intern. Ltd. v. Monolithic Power Sys., Inc., 467 F.3d 1355, 1360 (Fed. Cir. 2016).  This requires "a showing that the party seeking leave to amend acted with diligence in promptly moving to amend when new evidence is revealed in discovery."  Id. at 1363; see also Shire LLC v. Amneal Pharmaceuticals, LLC, 802 F.3d 1301, 1309 (Fed. Cir. 2015) (Finding that the district court did not abuse its discretion in denying defendants' motion to amend as untimely and lacking good cause where defendants delayed seeking permission to supplemental invalidity contentions for one year after production of documents that should have led them to raise an on-sale bar argument.)

Defendants argue that good cause exists "because Boston Scientific, a third party, produced materials relevant to Medtronic's contentions after Medtronic's contentions were due (and prior to Avanos's deadline to respond to those contentions)" and "because those materials were not previously available to Medtronic" and "because the materials add further detail and support to Medtronic's previously disclosed invalidity positions."  (ECF No. 129-1 at PageID 1594.) Defendants further add that they "pursued this third-party discovery diligently, and filed the instant motion promptly after obtaining it."  (Id.)  The Court agrees that the circumstances brought about by the COVID-19 pandemic are justifiable reasons for Boston Scientific's delay in accessing documents, and that Defendants acted diligently *after* serving the subpoena on Boston Scientific. However, as Plaintiff correctly asserts, Defendants "waited six months to request any information about the [Boston Scientific Chilli] system from Boston Scientific" despite being aware of the system and identifying the "Boston Scientific Chilli" under "items offered for sale or publicly

known under Section 102(a) or Section 102(b) on *March* 30, 2020.  (ECF No. 134-1 at PageID 2035.)  "The burden is on the movant to establish diligence rather than on the opposing party to establish a lack of diligence." O2 Micro, 567 F.3d at 1366; see also Genetech v. Amgen, Inc., 289 F.3d 761, 744 (Fed. Cir. 2002) ("Genetech does not assert any satisfactory reasons as to why it should be allowed to amend its claim chart.").  While not dispositive, Defendants decision not to serve Boston Scientific with a subpoena for six months after they identified the Chilli system as potential 102(b) prior art suggests a lack of diligence.  See O2 Micro, 467 F.3d at 1367 (Finding that party was not diligent when it "waited almost three months" after learning of allegedly new operational information in a deposition to "serve its proposed amended contentions and two more weeks to formally move to amend.").

Furthermore, the significance of these citations is not entirely clear to the Court.  On one hand, Defendants assert that these amended contentions add "unique and important proof in support of Medtronic's argument that [Bostin Scientific's] prior art Chilli probe invalidates Avanos's patent."  (ECF No. 138 at PageID 2228.)  On the other hand, at the hearing, Defendants initially downplayed the significance of the material they seek to rely on from Boston Scientific, noting that the amendments are "simply additional citations" that "add[] some detail that was within Boston Scientific's files."  (Hearing Tr. at 34:24–35:16.)  Plaintiff similarly appeared to agree that it did not believe "there is anything that's earth shattering in the additional things [Defendants] want to send."  (Hearing Tr. at 41:8–13.)  Later in the hearing however, Defendants suggested that the Boston Scientific documents were more than mere citations, arguing that "these documents matter to us a great deal."  (Hearing Tr. at 46:15–18.)  Defendants further added that the citations point to "engineering drawings that show microscopically what happens inside of the tip" and "how that tip of the Cooled RF ablation probe is actually designed", which purport to

provide further proof of invalidity of Plaintiff's patent by showing an example of a cooled RF ablation product that existed on the market and had all of the claimed features of the patent at issue. (Hearing Tr. at 47:1–48:23.) Thus, it is not clear to the Court whether these are simply "additional citations" or significant new evidence of invalidity of Plaintiff's patent.

Because Defendants have not put forth sufficient reasons to show diligence in seeking to amend, and because the importance of the new documents are not clear to the Court, the Court finds that good cause does not exist for Defendants' amendments to their invalidity contentions. Furthermore, even if Defendants had met the good cause standard, their failure to service notice of the subpoena before engaging in discovery with Boston Scientific is fatal to their motion.

### B) Defendants' Failure to Serve Notice of the Subpoena is Prejudicial to Avanos

Next, the Court addresses whether allowing leave to amend would be prejudicial to Plaintiff. At the January 5th hearing, Plaintiff argued that while the amendments themselves are not "particularly problematic", they should nonetheless not be allowed because of the failure to timely serve a notice of subpoena in accordance with Federal Rule of Civil Procedure 45. (Hearing Tr. at 28:19–29:12.) Plaintiff opposes leave to amend because Defendants did not provide notice regarding the subpoena to Boston Scientific until December 2, 2020—over two months after it served the subpoena to Boston Scientific on September 29, 2020. (ECF Nos. 134 at PageID 1999.)

Federal Rule of Civil Procedure 45(a)(4) requires a party to provide notice of a subpoena before service:

> *Notice to Other Parties Before Service.* If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party.

Fed. R. Civ. P. 45(a)(4).

While Defendants served the subpoena to Boston Scientific on September 29, 2020 (ECF No. 134-3), they did not officially notify Plaintiff until December 2, 2020.  (See ECF No. 134-4 ("It has recently come to our attention that Defendants inadvertently did not provide notice to Plaintiff of the subpoenas served on Boston Scientific Corporation.").)  At the hearing, Defendants admitted their mistake and apologized for not complying with the rules.  (Hearing Tr. at 31:1–5 ("[W]e absolutely made a mistake in not serving the subpoena on Avanos in the first instance.  And we have been contrite.  We've been up front.  We've been very transparent about that ever since we recognized that error.").)  Defendants also emphasize that Plaintiff should have been on notice based on their final invalidity contentions, which mention the subpoena and reservation of rights to amend.  (ECF No. 133 at PageID 1926.)

Plaintiff argues that had it been notified at the time of filing, it could have "conduct[ed] its own inquiry" along with "any additional discovery and third-party discovery within the time allotted by the Court's schedule."  (ECF No. 134 at PageID 2000.)  At the hearing, Plaintiff emphasized that "what came out of the [subpoena] process was a cherry-picked set of documents that Medtronic wanted for its own purposes.  And all of those discussions, all of those conversations, all of those communications happened without CC'ing [Avanos] on any of them."  (Hearing Tr. at 43:11–15.)

Indeed, even if Plaintiff was on notice as early as November 4, 2020 of Defendants' subpoena, it had already been left out of conversations and discussions regarding the scope of the subpoena. While Defendants argue that the "technical violation should be disregarded" and that "Avanos [has] never articulate[d] what it would have asked for, what relevant evidence it thinks BSC might be withholding, or exactly what unproduced material it would hope to find", the Court disagree and finds this to be more than a "technical violation".  As articulated by Plaintiff, the "so

what" in this instance is the "effect that the delay and the lack of notice" has put on Avanos. (Hearing Tr. at 27:13–15.)  Allowing Defendants to move forward with amendments despite an important procedural violation would further require additional subpoenas by Plaintiff and would therefore delay the progress of this case, which would be unfairly prejudicial.  Indeed, such an unfair prejudice was the basis for the Court's Order Denying Motion for Stay on November 24, 2020.  (See ECF No. 118 at PageID 1502 ("The Court finds that there is a significant risk of prejudice to Avanos if a stay is granted.").)  Accordingly, the Court finds that there would be unfair prejudice to Plaintiff if it were to grant Defendants' motion for leave.

### III.   CONCLUSION

For the reasons stated above, Defendants' Motion for Leave to Amend is **DENIED**.  The case will proceed in accordance with the Amended Schedule Order entered on December 2, 2020.  (ECF No. 127.)

**IT IS SO ORDERED**, this 29th day of January, 2021.

/s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE