IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| AVANOS MEDICAL SALES, LLC )<br><br>    Plaintiff, )<br><br>v. )<br><br>MEDTRONIC SOFAMOR DANEK USA, )<br>INC., MEDTRONIC INC., and )<br>MEDTRONIC USA, INC., )<br><br>    Defendants. ) | No. 19-cv-02754-JPM-tmp |

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO COMPEL**

Before the court by order of reference are two motions to compel filed by defendants Medtronic Sofamor Danek USA, Inc., Medtronic Inc., and Medtronic USA, Inc., on January 8, 2021, and January 19, 2021. (ECF Nos. 137, 139, 140, 142.) At issue in the two motions are four categories of documents: (1) documents related to competitive intelligence, (2) documents related to lost business opportunities, (3) documents related to investor calls, and (4) documents related to partner presentations. (ECF Nos. 137, 140.) For the reasons below, Medtronic's motions to compel are GRANTED in part and DENIED in part.[1]

---

[1]Although both motions were filed under seal, because this Order does not disclose any sealed materials, the Order has not been placed under seal.

## I.    BACKGROUND

Plaintiff Avanos Medical Sales, LLC ("Avanos") owns a patent ("'755 Patent") for a cooled-retrofrequency ablation ("cooled-RF ablation") device called COOLIEF and, for many years, was the only seller and manufacturer of cooled-RF ablation products. (ECF No. 1 at 2-3.) On November 4, 2019, Avanos filed the instant lawsuit, alleging that defendants Medtronic Sofamor Danek USA, Inc., Medtronic Inc., and Medtronic USA, Inc. (collectively "Medtronic") infringed on that patent when it began to market the Accurian system in early 2019. (ECF No. 1 at 4.) Since then, the parties have engaged in nearly a year's worth of discovery that, according to the scheduling order, was required to be completed by December 28, 2020.[2] (ECF No. 127.) The scheduling order set a firm deadline for fact discovery and it established that:

> Motions to compel discovery are to be filed and served within 45 days of the default or service of the response, answer, or objection that is the subject of the motion. However, if such default or service occurs within 30 days before the discovery deadline, the motion to compel must be filed within 30 days after such default or service.

(ECF No. 127.)

Medtronic served its first set of written discovery requests on Avanos on March 3, 2020. (ECF No. 137 at 2.) On April 2, 2020,

---

[2]The initial discovery deadline was December 16, 2020. (ECF No. 97.) However, on December 2, 2020, this court granted the parties' joint motion to amend the scheduling order and extended the close of fact discovery until December 28, 2020. (ECF Nos. 120, 127.)

Avanos served its responses and objections, indicating that it would begin producing responsive documents over the coming months. (ECF No. 137 at 2.) On June 12, 2020, prior to producing any documents, the parties entered into a joint order regarding how to conduct discovery of electronically stored information ("ESI Order"). (ECF No. 91.)

Avanos began producing responsive documents on August 28, 2020. (ECF No. 143 at 5.) Over the next several months, Avanos produced more than 166,000 documents consisting of 1,574,068 pages in response to more than 200 written discovery requests. (ECF No. 143-1 at 3.) Though Avanos continued to produce documents up until the deadline for fact discovery, the documents produced after December 5, 2020, were made largely in response to new requests for production that had been served in November and totaled less than 1,600 pages. (ECF No. 147-1 at 5.) It was not until December 5, 2020, that Medtronic alerted Avanos in an email that it believed the document production was insufficient. (ECF No. 137-1.) In the email, Medtronic listed several categories of deficient responses, including "Investor Call and Partner Meeting Presentations and Notes," "Competitive Intelligence," and "Business Impact and Lost Opportunities: Financial and Related Communications," along with other categories that are not pertinent to the issues currently before the court. (ECF No. 137-1.) Counsel for Avanos replied to the email on December 9, 2020, stating that "Avanos has made

fulsome document productions responsive to Medtronic's requests subject to Avanos's objections and responses. . . . Medtronic has known for many months precisely what Avanos intended to produce in response to Medtronic's requests. It is too late for Medtronic to now demand Avanos start its document collection and production anew." (ECF No. 137-2.) Additionally, counsel for Avanos stated that it "[did] not intend to conduct additional collections or searches for information in response to Medtronic's letter," though it reserved the right to produce additional responsive documents should it become aware of any.[3] (ECF No. 137-2.)

On December 28, 2020, counsel for Medtronic responded to Avanos's email, stating that the parties were at an "impasse." (ECF No. 137-3.) Counsel for Avanos replied on January 2, 2021, to reiterate that it had diligently searched its records for responsive documents and had "made fulsome document productions responsive to Medtronic's requests." (ECF No. 137-4.) Medtronic filed its first Motion to Compel ("January 8 Motion to Compel") on January 8, 2021, requesting that this court compel Avanos to produce documents related to "competitive intelligence, alleged business impact, and alleged lost opportunities."[4] (ECF No. 137.)

---

[3]In the email, counsel for Avanos made this statement in response to each of the alleged deficiencies that are pertinent to the motions before the court. (ECF No. 137-2 at 2-3.)

[4]In the meantime, the parties reported to the presiding District Judge that discovery was "substantially complete" with only one

Avanos filed a response on January 22, 2021, arguing that the motion must be denied because Medtronic had never previously requested the documents at issue, the requests are unduly burdensome and not proportional to the needs of the case, and, in any event, the requests are precluded by the ESI Order. (ECF No. 143.) Medtronic then moved for leave to file a reply in support of its motion to compel on January 29, 2021.[5] (ECF No. 145.) In its reply, Medtronic argued that the requests are relevant and proportional, that it had diligently pursued these requests, and that the ESI Order was inapplicable. (ECF No. 145-2.) Subsequently, on February 5, 2021, Avanos with leave of court filed a sur-reply, in which it argued that Medtronic's lack of diligence was not justified, that Medtronic was improperly reframing its discovery

---

"semi significant issue that's still open" in a video status conference on January 5, 2021. (ECF Nos. 136, 153 at 9.) In response to counsel for Medtronic stating that "there are still some things that the parties are discussing as far as the completeness of document discovery," the presiding District Judge stated: "Obviously, delay once an issue is known works against any relief that might be granted. So any significant delay in bringing those to the Court's attention would probably result in an unfavorable disposition of any request. But we all know that, so being prompt is important in moving the case along." (ECF No. 153 at 55-56.)

[5]This court granted Medtronic's motion for leave to file on February 2, 2021. (ECF No. 146.)

requests, and that the ESI Order was controlling.[6] (ECF No. 148-2.)

Medtronic filed its second Motion to Compel ("January 19 Motion to Compel") on January 19, 2021, requesting that this court compel Avanos to produce documents related to "investor call presentations and notes" and "partner meeting presentations and notes." (ECF Nos. 140 and 141.) Avanos responded on February 2, 2021, arguing that the motion should be denied because it is untimely, it is unduly burdensome and not proportional to the needs of the case, it seeks irrelevant information, and it does not comport with the ESI Order. (ECF No. 147.) On February 9, 2021, Medtronic, with leave of court, filed a reply in which it argued that the motion is timely, that it requests relevant and proportional information, and that there is good cause for modifying the ESI Order.[7] (ECF No. 151.)

## II.   ANALYSIS

### A.   Scope of Discovery

The scope of discovery is governed by Federal Rule of Civil Procedure 26(b)(1), which provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to

---

[6]Over Medtronic's objection, this court granted Avanos's motion for leave to file sur-reply on February 9, 2021. (ECF Nos. 149 and 150.)

[7]This court granted the motion for leave to file on February 10, 2021. (ECF No. 152.)

any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). The party seeking discovery is obliged to demonstrate relevance. Johnson v. CoreCivic, Inc., No. 18-CV-1051-STA-tmp, 2019 WL 5089086, at *2 (W.D. Tenn. Oct. 10, 2019). Upon a showing of relevance, the burden shifts to the party opposing discovery to show, with specificity, why the requested discovery is not proportional to the needs of the case. William Powell Co. v. Nat'l Indem. Co., No. 1:14-CV-00807, 2017 WL 1326504, at *5 (S.D. Ohio Apr. 11, 2017), aff'd sub nom. 2017 WL 3927525 (S.D. Ohio June 21, 2017), and modified on reconsideration, 2017 WL 4315059 (S.D. Ohio Sept. 26, 2017). Six factors are relevant to proportionality: (1) "the importance of the issues at stake in the action;" (2) "the amount in controversy;" (3) "the parties' relative access to relevant information;" (4) "the parties' resources;" (5) "the importance of the discovery in resolving the issues;" and (6) "whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

"[A]bsent special circumstances," a court may deny a motion to compel discovery where it is not timely filed in accordance with the applicable scheduling order. FedEx Corp. v. United States, No. 08-2423 Ma/P, 2011 WL 2023297, at *3-4 (W.D. Tenn. Mar. 28, 2011); see also Overnite Transportation Co. v. Int'l Brotherhood of Teamsters, No. 99-2747 DV, 2001 WL 1910054, at *1 (W.D. Tenn. Oct. 26, 2001); Medtronic Sofamor Danek, Inc. v. Osteotech, Inc.,

No. 99-2656, 2001 WL 1910058 (W.D. Tenn. Sept. 21, 2001) ("[T]he motion to compel was filed with the Court on August 22, 2001, one day after the August 21, 2001 discovery deadline had passed. If for no other reason, the motion should be denied as untimely filed after the discovery deadline"); Banks v. CBOCS West, Inc., No. 01 C 0795, 2004 WL 723767, *2 (N.D. Ill. April 1, 2004); Willis v. New World Van Lines, Inc., 123 F. Supp. 2d 380, 401 (E.D. Mich. 2000) (citing Ginett v. Fed. Express Corp., 166 F.3d 1213 (6th Cir. 1998)). The scheduling order in this case required the parties to file discovery motions within forty-five days "after default or service of the response, answer, or objection that is the subject of the motion." (ECF No. 127.) For default or service of a discovery response within thirty days of the discovery deadline, the order gave the parties thirty days after the default or service to file a motion to compel. (ECF No. 127.)

## A.   The January 19 Motion to Compel

The January 19 Motion to Compel would be considered timely only for those discovery responses served on or after December 20, 2020. (ECF No. 140.) Medtronic's motion relies on Requests for Production 25 and 75 to seek "investor call presentations and notes for Q2 15, Q3 15, all of 2016, Q1 17, Q3 17, Q1 18, and Q2 19 through the present, as well as partner meeting presentations and notes between 2014 to the present." (ECF No. 141 at 1.) Both of these Requests for Production were addressed in Avanos's written

discovery responses on April 2, 2020. (ECF No. 141 at 2-3.) During the course of discovery, Avanos produced transcripts of investor calls for "all of 2018, Q1 19, and Q2 19" and internal investor presentations for "Q1 15, Q4 15, Q2 17, Q4 17, Q1 18, Q2 18, Q3 18, Q4 18, and Q1 19" as well as notes from partner meetings that referred to Medtronic. (ECF No. 147 at 16, 20-21.)

Both of the topics raised in the January 19 Motion to Compel were discussed in the December 5 and 9 emails. In response to Medtronic's December 5 request for "Investor Call and Partner Presentations and Notes," counsel for Avanos stated that, "While Avanos reserves the right to produce additional documents responsive to these requests before the close of fact discovery to the extent Avanos becomes aware of them, *Avanos does not intend to conduct additional collections or searches for information* in response to Medtronic's [requests]." (ECF No. 137-2 at 2.) (emphasis added). As such, Medtronic's assertion that "[o]n December 9, Avanos indicated that it may produce these documents" is incorrect. (ECF No. 151-2 at 3.) Instead, counsel for Avanos made clear that Avanos would no longer be actively producing documents responsive to these requests. According to a signed declaration by counsel for Avanos, Avanos had completed its document production for these requests by December 5, 2020, at the latest. See also (ECF No. 147-1 at 5) ("Avanos's production of documents between December 5th and December 28th was less than

1,600 pages and made largely in response to Medtronic's new RFPs served in November, not RFP 25 and 75."). Thus, even under the most liberal interpretation, any default or service of an insufficient discovery response leading to this motion must have occurred by December 9, 2020, when Avanos stated that it had completed its search for responsive documents – more than thirty days before this motion was filed.

Additionally, Medtronic has not demonstrated any special circumstances that would justify allowing this motion despite being untimely. See FedEx Corp., 2011 WL 2023297, at *4. Medtronic discussed the requests underlying this motion in its December 5 meet and confer email, yet did not file this motion until January 19, 2021. Moreover, this motion was filed nearly two weeks after Medtronic filed the January 8 Motion to Compel, which was also based on allegedly deficient discovery responses identified in the December 5 email. Medtronic could have raised these arguments as part of the January 8 Motion to Compel. See id. (finding that "no special circumstances justif[ied] excusing the [defendant]'s post-discovery deadline filing where the defendant "had all the information it needed to file a motion to compel" before the deadline lapsed).

Despite the deficiencies in the January 19 Motion to Compel, the undersigned notes that Avanos represented in its response that it "plans to supplement its production with additional investor

transcripts and presentations beyond the scope of what Medtronic initially requested."[8] (ECF No. 147 at 14-15.) As such, Avanos would not be prejudiced by an order compelling it to produce additional "investor call presentations and notes." (ECF No. 141 at 1.) Thus, the January 19 Motion to Compel is GRANTED to the extent that it seeks additional investor call transcripts and presentations. The remainder of Medtronic's motion is DENIED as untimely.

**B.   The January 8 Motion to Compel**

The January 8 Motion to Compel seeks (1) documents showing Avanos's competition "with devices and treatments other than cooled RF ablation" and (2) Avanos's underlying communications with customers showing "a preference for Medtronic's products or chosen Medtronic over Avanos." (ECF No. 137 at 7, 9-10.)

1.   <u>Competition With Devices and Treatments Other than Cooled RF Ablation</u>

Medtronic's request for documents showing competition with devices and treatments other than cooled RF ablation is based on Requests for Production 74 and 75, which were served on March 3, 2020. Avanos responded to Medtronic's written discovery requests on April 2, 2020. In its responses, Avanos provided a brief

_____

[8]This is consistent with Avanos's initial response to Request for Production 25, where it stated that it would provide "transcripts of calls and transcripts of presentations between Avanos and its investors regarding infringement of the '755 Patent by Medtronic." (ECF No. 141 at 2.)

description of what it intended to produce for each request. Requests for Production 74 and 75 along with Avanos's substantive responses were as follows:

- RFP 74: All Documents and Things concerning any product or process, including any product or process produced or used by Avanos and any Accused Product, that competes with any Avanos Product, Process, or Instrumentality that Avanos contends embodies the '755 Patent.

- Avanos's Response to RFP 74: Subject to its General and Specific Objections, Avanos will produce nonprivileged documents referring to or evidencing competition between Medtronic and Avanos in the cooled radiofrequency ablation market, to the extent such documents exist and can be located after a reasonably diligent search and consistent with the Proposed Schedule submitted to the Court by the Parties on February 3, 2020, and any Scheduling Order entered by the Court.

- RFP 75: All Documents, Things, and Communications related to any competition between the Accused Products and any Avanos Product, Process, or Instrumentality, that Avanos contends embodies the '755 Patent, including any business plans, financial reports, forecasts, marketing plans, marketing materials, memoranda, Communications, reports, and presentations.

- Avanos's Response to RFP 75: Subject to its General and Specific Objections, Avanos will produce final, representative non-privileged documents referring to or evidencing competition between Medtronic and Avanos in the cooled radiofrequency ablation market, to the extent such documents exist and can be located after a reasonably diligent search, consistent with the Proposed Schedule submitted to the Court by the Parties on February 3, 2020, and any Scheduling Order entered by the Court.

(ECF no. 137-6 at 5-7.)

    As demonstrated by these responses, Medtronic has been aware since April 2, 2020, that Avanos would only be producing documents

- 12 -

illustrating the competition between Avanos and Medtronic in the
narrow market for cooled-RF ablation products. See Graves v. Mays,
No. 18-1200-JDT-cgc, 2020 WL 6263864, at *1 (W.D. Tenn. Oct. 23,
2020) (finding that a motion to compel was untimely where it was
not filed within thirty days of the defendant's discovery
responses, as required by the scheduling order); Hyland v.
Homeservices of Am., Inc., No. 3:05-CV-612, 2012 WL 1680109, at *5
(W.D. Ky. May 14, 2012) (denying a motion to compel as untimely
where "Plaintiffs . . . had substantial time in which to file a
motion to compel and have failed to articulate any justification
for their failure to do so until six months after the defendants'
responses were served and ten days before the close of discovery").
Because Medtronic clearly stated in its April 2 response that it
would not be producing the documents that Medtronic now seeks, the
court finds that the deadline for Medtronic to file this motion
was May 17, 2020. See Ross v. Pfizer, No. 07-2336 JPM-dkv, 2008 WL
11411532, at *3 (W.D. Tenn. July 22, 2008) ("Here, the discovery
response which is the subject matter of the motion was filed on
April 28, 2008. While the parties were under an obligation to meet
and confer in an attempt to resolve any discovery dispute, the
deadline for filing a motion to compel was not extended by their
efforts."); Overnite Transportation Co., 2001 WL 1910054, at *1
(finding that a motion to compel was untimely where discovery
responses were served in April but the motion was not filed until

October and reasoning that plaintiff "had ample time to pursue these documents during the course of this protracted litigation."). Consequently, this aspect of Medtronic's motion was filed more than seven months after the deadline had lapsed.

Further, Medtronic has not shown any special circumstances to justify excusing the untimely motion to compel. See Stahl v. Coschocton Cty., No. 2:15-cv-572, 2016 WL 5341800, at *3 (S.D. Ohio Sept. 23, 2016) (denying a motion to compel because "the Court is unable to discern any special circumstances that would persuade the Court to consider Plaintiff's Motion to Compel timely with regard to the discovery she seeks to compel"); FedEx Corp., 2011 WL 2023297, at *4. Medtronic was aware of Avanos's position on this motion in April. During the ensuing eight months, Avanos produced more than 1.5 million pages of documents. Moreover, excusing Medtronic from the scheduling order's deadlines at this juncture would require Avanos to essentially restart its document search and production process after the close of discovery. The court finds that this aspect of the motion is untimely and is hereby DENIED.

2.  Underlying Communications with Customers Showing a Preference for Medtronic's Products or Chosen Medtronic Over Avanos

Medtronic's request for Avanos's underlying communications with customers is based on Requests for Production 50, 70, 71, and

- 14 -

72. Requests for Production 50, 70, 71, and 72 along with Avanos's substantive responses were as follows:

- RFP 50: All Documents relating to the marketing or sale of any radiofrequency generating medical probes, or other product or service that Avanos sells, offers for sale, licenses, or distributes with any product, produced or used by Avanos or any other Entity, that embodies the inventions claimed in any claim of the '755 Patent and Related Patents or competes with the Accused Products, including offering any bundling or pricing concessions or sales of which are promoted by, derive from, or otherwise depend on sales of any Accused Instrumentality.

- Avanos's Response to RFP 50: Subject to its General and Specific Objections, Avanos will produce documents sufficient to show products or services Avanos sells with the Avanos Coolief products that Avanos contends embodies the asserted claims of the '755 Patent or compete with the Accused Products and pricing concessions or other bundling of products that Avanos has made in response to Medtronic's marketing of the Accused Products to the extent such documents exist and can be located after a reasonably diligent search.

- RFP 70: All Documents concerning any alleged damage or injury that Avanos has suffered or will suffer as a consequence of Medtronic using, manufacturing, employing, or selling any Accused Medtronic Product, Process, or Instrumentality

- Avanos's Response to RFP 70: Subject to its General and Specific Objections, Avanos will produce responsive, relevant, non-privileged documents sufficient to show the damage and injury Avanos has suffered and will continue to suffer because of Medtronic's infringement of the '755 Patent, consistent with the Proposed Schedule submitted to the Court by the Parties on February 3, 2020 and any Scheduling Order entered by the Court.

- RFP 71: Documents sufficient to establish all of Avanos's lost profits, if any, or price erosion, if any (including without limitation the lost profits of

Avanos's licensees, if any). With respect to (1) each Avanos Product, Process, or Instrumentality and (2) any product or service for which Avanos seeks lost profits, this request includes, without limitation, Documents concerning, (a) market share, market analysis, market share analysis, and marketing plans and strategies; (b) pricing, price lists, pricing decisions or policies, and discounts, (c) price elasticity, (d) competing products and services, including noninfringing alternatives, (e) distribution by means other than a sale, (f) unit sales, revenues, expenses, profits, and/or losses, including without limitation, (i) gross and net income by product/service line, (ii) sales by product/service line, including without limitation unit sales and dollar amount, (iii) revenue from commissions, royalties or similar source, by product/service line, (iv) cost of sales by product/service line, (v) operating expenses by product/service line, (vi) expenses from commissions, royalties or similar source, by product/service line, (vii) depreciation and/or amortization by product/service line, (viii) taxes by product/service line, (ix) fixed expenses by product/service line; (x) overhead by product/service line, (xi) cost of manufacturing by product/service line, (xii) administrative expenses by product/service line, (xiii) any other revenue received, or expense or cost incurred, by product/service line.

- Avanos's Response to RFP 71: Subject to its General and Specific Objections, Avanos will produce relevant, responsive, non-privileged documents sufficient to show its lost profits or price erosion and documents sufficient to show Avanos's prices, sales, revenue, costs, and profits for Coolief products that embody the '755 Patent and compete with the Accused Products, consistent the Proposed Schedule submitted to the Court by the Parties on February 3, 2020, and any Scheduling Order entered by the Court.

- RFP 72: If Avanos is claiming lost profits, Documents sufficient to: (i) identify all products and/or services for which lost profits are being claimed, (ii) establish that lost profits are warranted for such product or service, and (iii) quantify the lost profit for each product or service.

- Avanos's Response to RFP 72: Subject to its General and Specific Objections, Avanos will produce relevant, responsive, non-privileged documents sufficient to show its lost profits or price erosion and documents sufficient to show Avanos's prices, sales, revenue, costs, and profits for Coolief products that embody the '755 Patent and compete with the Accused Products, consistent the Proposed Schedule submitted to the Court by the Parties on February 3, 2020, and any Scheduling Order entered by the Court.

(ECF No. 137-6 at 2-5.)

Avanos served its responses to these Requests for Production on April 2, 2020, as well. However, even if the court were to consider this aspect of the January 8 motion as timely, the court finds that Medtronic's motion to compel the production of underlying customer communications is not well founded. Federal Rule of Civil Procedure 34(b)(1)(a) establishes that requests for production "must describe with reasonable particularity each item or category of items to be inspected." To determine if a request fails for reasonable particularity, district courts within the Sixth Circuit consider "whether the request places the party upon reasonable notice of what is called for and what is not." Pan v. Kohl's Dep't Stores, Inc., No. 2:12-CV-1063, 2015 WL 4346218, at *2 (S.D. Ohio July 15, 2015) (internal citations and quotations omitted). In none of these Requests for Production does Medtronic request communications with customers or otherwise suggest that Medtronic is seeking the production of Avanos's direct communications with customers. Likewise, none of the responses to

the above listed Requests for Production indicate that Avanos was aware that it was being asked to produce its underlying communications with customers. Compare Nieves v. Baptist Mem'l Med. Grp., Inc., No. 18-2748-JTF, 2020 WL 3441900, at *4 (W.D. Tenn. June 23, 2020) (denying a motion to compel for lack of particularity where a request for production "offer[ed] no guidance on how [Defendant could] determine whether a particular document or even a particular category of documents falls within its scope") and Finisar Corp. v. Cheetah Omni, LLC, No. 11-CV-15625, 2013 WL 3271078, at *5 (E.D. Mich. June 27, 2013) (denying a motion to compel because it sought "the production of documents that Defendant never requested") with Hager v. Graham, 267 F.R.D. 486, 493 (N.D.W. Va. 2010) (granting a motion to compel requesting "the complete investigative files and claims files of Defendant in connection with the underlying claims by Plaintiffs" and finding that the request did not fail for lack of particularity because it listed specific sources where relevant documents could be located). The court finds that Medtronic's requests for production fail to state with reasonable particularity the category of documents that it now seeks.

In any event, Medtronic's request for customer communications is not proportional to the needs of the case. See Raymond James & Assocs., Inc. v. 50 N. Front St. TN, LLC, No. 18-CV-2104-JTF-tmp, 2020 WL 1527827, at *3-4 (W.D. Tenn. Mar. 30, 2020) ("[I]t is not

at all clear that the remaining documents and data [requested] .
. . fall within the scope of . . . prior requests for production.
Even if they do, the court still has an ongoing obligation to curb
disproportionate and burdensome discovery."). To the extent that
third-party communications might be relevant to show "customer[]
preference[s] and reasons for considering or choosing Medtronic,"
Medtronic already has access to its own market research showing
customer motivations and preferences. (ECF No. 137 at 7.) Moreover,
in order for Avanos to compile records of its communications with
customers at this late stage, Avanos would have to restart its
process for searching through the files of more than forty sales
representatives.[9] This, in turn, would potentially require amending
the parties' ESI Order, which limits the discovery of email records
to five custodial sources. (ECF No. 91.) Avanos has already
produced email records from the agreed-upon records custodians
and, accordingly, stated to Medtronic that any email
communications with customers would be included within those

---

[9]According to a signed declaration by Brian Wood, an area sales
director, Avanos's sales representatives communicate with
customers in a variety of ways both electronically (via email) and
orally (via telephone or in-person meetings). (ECF No. 143-14 at
2.) Avanos does not maintain a "central database" for records of
these communications. (ECF No. 143-14 at 1-2.) Instead, Avanos's
sales representatives inform their regional managers about any
information learned from a customer. (ECF No. 143-14 at 2.) This
information is then recorded on a spreadsheet. (ECF No. 143-14 at
2.) Versions of these spreadsheets have already been produced to
Medtronic. See (ECF Nos. 143-1 at 3-4; 143-8; 143-9.)

files. An order after the close of discovery compelling Avanos to produce the requested communications would create an undue burden and is not proportional to the needs of the case. See Abbott v. Wyoming Cty. Sheriff's Office, No. 15-CV-531W, 2017 WL 2115381, at *2 (W.D.N.Y. May 16, 2017) ("Considerations of proportionality can include reviewing whether discovery production has reached a point of diminishing returns."); Updike v. Clackamas Cty., No. 3:15-CV-00723-SI, 2016 WL 111424, at *1 (D. Or. Jan. 11, 2016) ("[A]t some point, discovery yields only diminishing returns and increasing expenses[ and], as more discovery is taken, the greater the delay in resolving the dispute."). The January 8 Motion to Compel is DENIED.

### III. CONCLUSION

For the reasons above, Medtronic's January 19 Motion to Compel is GRANTED in part and DENIED in part and its January 8 Motion to Compel is DENIED. In accordance with this order, Avanos has fourteen (14) days from the entry of this order to supplement its responses with "transcripts of calls and transcripts of presentations between Avanos and its investors regarding infringement of the '755 Patent by Medtronic."

IT IS SO ORDERED.

/s/ Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

March 5, 2021

Date