# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# MEMPHIS DIVISION

| | |
|---|---|
| AVANOS MEDICAL SALES, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 2:19-2754 |
| v. ) | |
| ) | |
| MEDTRONIC SOFAMOR DANEK USA, ) | |
| INC., ) | |
| MEDTRONIC INC., AND ) | |
| MEDTRONIC USA, INC., ) | |
| ) | |
| Defendants. | |

**ORDER DENYING MEDTRONIC'S MOTION TO STRIKE REFERENCES TO MEDTRONIC'S CONFIDENTIAL MATERIALS AND TO STRIKE REFERENCES TO DR. HAUSMAN'S PAST RELATIONSHIPS WITH MEDTRONIC**

**ORDER GRANTING MEDTRONIC'S MOTION TO STRIKE ENTIRETIES OF PARAGRAPHS 229 AND 239, AND PORTIONS OF PARAGRAPHS 232, 238, 255, AND 258 OF DR. HAEMMERICH'S EXPERT REPORT**

Before the Court is Defendants Medtronic Sofamor Danek USA, Inc., Medtronic Inc. and Medtronic USA, Inc.'s (collectively, "Defendants") Motion to Strike References to Medtronic's Confidential Materials and to Strike References to Dr. Hausman's Past Relationships with Medtronic, filed March 2, 2021. ("Hausman Motion," ECF No. 161.) Also before the Court is Defendants' Motion to Strike Entireties of Paragraphs 229 and 239, and Portions of Paragraphs 232, 238, 255, and 258 of Dr. Haemmerich's Expert Report, filed on February 16, 2021. ("Haemmerich Motion," ECF No. 156.) The Court held a hearing on the pending motions on April 7, 2021. (ECF No. 176.) For the reasons below, Defendants' Hausman Motion is **DENIED** and Defendants' Haemmerich Motion is **GRANTED**.

### I. Defendants' Hausman Motion is DENIED

Defendants ask the Court to "strike from Dr. Hausman's report any reliance on Medtronic's confidential and/or prosecution sensitive documents and all references to his alleged prior work for Medtronic or Sofamor Danek." (ECF No. 161-1 at PageID 4953.) The basis for Defendants' motion is Plaintiff's failure to disclose Dr. Hausman's previous consulting relationship with Medtronic and his work negotiating licenses on behalf of Avanos' predecessor Kimberly-Clark. (Id. at PageID 4954.)

#### a. Rule 37(b) Sanctions

Federal Rule of Civil Procedure 37(b)(2)(A) allows for sanctions for failure to comply with a Court's discovery order:

> If a party or a party's officer, director, or managing agent—for a witness designated under Rule 30(b)(6) or 31(a)(4)—fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
> …
>      (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>      (iii) striking pleadings in whole or in party[.]

Fed. R. Civ. P. 37(b)(2)(A)(ii–iii).

Defendants request that the Court for sanctions in accordance with Federal Rule of Civil Procedure 37(b) by "precluding Dr. Hausman from relying on references to Medtronic's confidential material and referencing his relationship with Medtronic[.]" (ECF No. 161-1 at PageID 4957.) Plaintiff asserts that it complied in good faith, and that "[a]ny omission in the December 1 notification was unintentional." (ECF No. 169 at PageID 5258.) Plaintiff further asserts that the relationships inadvertently omitted from its disclosures were a 1993 law firm consultation regarding the merger of Sofamor and Danek, as well as an early 2000s phone call with Medtronic regarding a foreign antitrust matter in Australia. (Id. at PageID 5254.) Plaintiff

further argues that neither of these consultations involved "patents, RF ablation, or cooled RF ablation technology" and that "Dr. Hausman has never worked for Medtronic or its predecessors in a patent matter, and outside of the present case, had never worked for Avanos or its predecessors." (Id.) Plaintiff notes that Dr. Hausman's "FTC merger work for a combination between Sofamor and Danek was so unrelated to the parties and issues in this case that it is understandable that it would not have to come to Dr. Hausman's mind as a 'prior relationship' with Medtronic" and that a "one-time phone call twenty years ago can hardly be considered a 'prior relationship' with Medtronic." (Id. at PageID 5258.)

Plaintiff's position is that an exclusion of Dr. Hausman's opinions and calculations based on this inadvertent failure to disclose would be grossly disproportionate. (Id. at PageID 5261.) The Court, as it did in its decision in Boynton, finds "no indication that Defendant failed to comply with any orders of this or any other Court or engaged in any other misconduct either intentionally or in bad faith." Boynton v. Headwaters, Inc., No. 02-1111 M1/AN, 2005 WL 2100642 (W.D. Tenn. Aug. 23, 2005). Here, Plaintiff has proposed a much more reasonable and proportionate remedy: "Avanos will not elicit at trial the fact that Dr. Hausman had previously consulted for Sofamor-Danek or Medtronic." (ECF No. 169 at PageID 5263.) Plaintiff reaffirmed this position at the motion hearing. (ECF No. 176.) Accordingly, Plaintiff will be **PRECLUDED** from disclosing Dr. Hausman's prior relationships with Sofamor-Danek or Medtronic.

### b. Rule 37(c) Sanctions

Defendants also ask the Court to impose sanctions under Federal Rule of Civil Procedure 37(c)(1), which provides:

> "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless."

Fed. R. Civ. P. 37(c)(1).

The Sixth Circuit has adopted a five-factor test for determining whether a late disclosure is "substantially justified" or "harmless." See Howe v. City of Akron, 801 F.3d 718, 748 (6th Cir. 2015). Defendants argue that the Court should grant Rule 37(c) sanctions under both the pre-Howe "harmless" standard, and the post-Howe "substantially justified" standard. Under the pre-Howe standard, the "burden [is] on the potentially sanctioned party to prove harmlessness." Roberts ex rel. Johnson v. Galen of Virginia, Inc., 325 F.3d 776, 782 (6th Cir. 2003). In response, Plaintiff argues that Rule 37(c) and Rule 26(a) "are not the proper basis of decision" because "Avanos did not fail to disclose information as required by Rule 26(a)." (ECF No. 169 at PageID 5263.) Indeed, Plaintiff identified Dr. Hausman as a testifying expert in a timely fashion. (ECF No. 136.) Accordingly, the Court finds that there has not been a violation of Rule 26(a), because Plaintiff did in fact identify the testifying expert and provide information relating to that disclosure in the form of an expert report.

Even if the Court were to accept that Plaintiff had failed to disclose information under Rule 26(a), such oversight appears to be "substantially justified" under the Howe standard[1]. These factors include: "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence." Howe, 801 F.3d at 748.

The Court agrees with Plaintiff's assessment of the Howe factors. First, Plaintiff *did* disclose Dr. Hausman, but inadvertently did not disclose two prior and minimal relationships with Kimberly-Clerk and Medtronic. Second, at the time of filing of the motion, Defendants had the

---

[1] Note that the parties also cite to a pre-Howe "harmless" standard. The Court applies the latest Sixth Circuit precedent and relies on the Howe "substantially justified" standard.

ability to cure any harm by questioning Dr. Hausman at his deposition.  Third, allowing this evidence seems to have minimal or no bearing on this case, particularly since Plaintiff has agreed not to elicit testimony regarding Dr. Hausman's prior relationships at trial (ECF No. 169 at PageID 5267).  Thus, the Court does not see why there would be any disruption to trial.  The same analysis largely applies to the fourth factor.  Dr. Hausman's two prior relationships seem wholly unimportant and irrelevant to this case.  In its motion, Defendants argue that "Avanos's ability to reference the fact that Dr. Hausman has worked with Medtronic previously and has reviewed Medtronic's confidential documents before now serves only to prejudice Medtronic."  (ECF No. 161-1 at PageID 4963.)  This concern is cured by Plaintiff's agreement not to elicit such testimony at trial.  Finally, the Court agrees that Plaintiff's "oversight was an honest mistake because Avanos did not know there was  anything to disclose."  (ECF No. 169 at PageID 5267.)  There does not appear to be any malicious intent associated with this failure to disclose.  Because the Howe factors weigh in favor of Plaintiff, the Court finds that Rule 37(c) sanctions are not warranted.  Accordingly, Defendants' Hausman Motion is **DENIED**.

    **II.**    **Defendants' Haemmerich Motion is GRANTED**

Defendants ask the Court to strike entireties of paragraphs 229 and 239, and portions of paragraphs 232, 238, 255, and 258 of Dr. Haemmerich's expert report ("Haemmerich Report") because it "set[s] forth for the first time a wholly new theory of infringement never disclosed in its Final Infringement Contentions" ("Final Contentions")  (ECF No. 156-1 at PageID 3879.) Specifically, Defendants point out that claim 1 of U.S. Patent 8,882,755 (the "'755 Patent") requires a "protrusion" meeting at least three criteria: (1) it is 'electrically conductive'; (2) it extends from the distal end of an energy delivery device; and (3) it is 'electrically coupled to said energy delivery device for delivering one of electrical and rf energy to the patient's body.'"  (Id.

5

at PageID 3880 (citing '755 Patent, cl. 1.).)  Defendants assert that according to Plaintiff's Final Infringement Contentions ("Final Contentions"), a "stainless steel distal tip," along with an "embedded thermocouple" constitutes the "electrically conductive protrusion by the '755 Patent." (Id. at PageID 3881 (internal quotations omitted).)  According to Defendants, Plaintiff's Final Contentions "emphasized that the thermocouple was *embedded* in the 'protrusion' such that the 'stainless steel distal tip' met the other claim limitations[.]"  (Id. at PageID 3882.)  Defendants further show that "[i]n every instance, Avanos alleged the electrically conductive 'protrusion' on Medtronic's product was the stainless steel distal tip *together* with the thermocouple hypotube[.]" (Id. at PageID 3883.)

For example, Plaintiff's Final Contentions cite to the allegedly infringing Accurian device as consisting of an electrically conductive protrusion by pointing to the steel distal tip *with* the thermocouple hypotube:





ECF No. 156-3 at PageID 4025, 4031.

Defendants assert that they relied on the final infringement contentions based on the identified "protrusion" in the Accused Products, with the "understanding that Avanos was defining a 'protrusion' as the 'stainless steel distal tip' *with* an embedded thermocouple." (ECF No. 156-1 at PageID 3884.)  The crux of Defendants' motion to exclude stems from its contention that "over a month after the close of fact discovery, Avanos's expert Dr. Haemmerich opine[d] for the *first time* that the 'protrusion' required by the claims [could] be satisfied by *either* (1) the thermocouple hypotube alone [Avanos' entirely new theory], or (2) the 'stainless steel distal tip' with embedded thermocouple hypotube [Avanos's previously disclosed theory]."  (Id. at PageID 3884.)

The question before the Court is whether Plaintiff's disclosure in its infringement contentions was sufficient to put Defendants on notice of both of its theories of infringement that are included in the Haemmerich Report—that is, that the Accused Products infringe based on either "the thermocouple hypotube alone" or the "stainless steel distal tip" with the "embedded thermocouple hypotube."  Local Patent Rule 3.8 requires that final infringement contentions include all of the information required by Local Patent Rule 3.1, which governs initial infringement contentions.  In relevant portion, Local Patent Rule 3.1 provides:

7

>   (b) Separately for each asserted claim, each Accused Instrumentality that each party claiming infringement contends infringes, including the name or model number if known;
>   (c) A chart identifying specifically where each limitation of each asserted claim is found within each Accused Instrumentality, including for each limitation that such party contends is governed by § 112 ¶ 6, the identity of the corresponding structure and function and where such structure and function is found in the Accused Instrumentality[.]

LPR 3.1(b)–(c).

"The purpose of this rule, and the local patent rules in general, is to 'require parties to crystallize their theories of the case early in the litigation' so as to 'prevent the shifting sands approach to claim construction.'" Keranos, LLC v. Silicon Storage Tech., Inc., 797 F.3d 1025, 1035 (Fed. Cir. 2015) (internal citations omitted). District courts have repeatedly ruled that expert infringement reports may not introduce new theories of infringement that were not previously disclosed. See, e.g., ROY-G-BIV Corp. v. ABB, Ltd., 63 F.Supp.3d 690, 699 (E.D. Tex. 2014); Oracle Am., Inc. v. Google Inc., Case No. 10-3561, 2011 WL 4479305, at *3 (N.D. Cal. Sept 26, 2011)[2].

Plaintiff does not appear to dispute that its final infringement contentions would at least have to disclose the theory of infringement at issue, but contends that its contentions "included full citations to Medtronic's documents that evidence Avanos's understanding that the protruding thermocouple hypotube in Medtronic's infringing Accurian probe [was] the claimed 'protrusion' of the '755 Patent[.]" (ECF No. 160 at PageID 4602 (footnote omitted).) Plaintiff's citations to Medtronic documents calling the thermocouple hypotube a "protrusion" are not convincing. For one, as noted by Defendants, its "mere use of the term 'protrusion' for the purposes of

---

[2] Note that Defendants cite to several additional cases in which courts in the Eastern District of Texas, District of Delaware, Northern District of California (among others), have stricken portions of expert reports for not complying with Local Patent Rule disclosure requirements. See ECF No. 156-1 at PageID 3886.

manufacturing does not equate to meeting the specific claim elements of 'protrusion' as required by the '755 patent." (ECF No. 156-1 at PageID 3887.) In other words, that Defendants call something a "protrusion" in their documents does not mean it maps to the '755 Patent's claim of a "protrusion." Plaintiff further asserts that its contentions "specifically identified the location of the protruding portion of the thermocouple hypotube and showed this portion of the thermocouple hypotube in Medtronic's accused device" as a "protrusion." (ECF No. 160 at PageID 4608.) Plaintiff then appears to rely on several string citations to assert that its contentions disclosed "how the thermocouple meets the other requirements of a protrusion being 'electrically conductive,' electrically coupled to said energy delivery device for delivering one of electric and rf energy to the patient's body,' and that it 'extends from the distal end of an energy delivery device.'" (Id. at PageID 4609.)

Following the motion hearing on April 7, 2021, Plaintiff was permitted to submit excerpts specifically identifying the allegedly adequate disclosures from its infringement contentions. (ECF No. 176, 180.) Upon reviewing Plaintiff's infringement contentions and the supplemental disclosure, the Court finds that *at best*, there is some hidden or generic disclosure to the theory of infringement relying solely on the thermocouple hypotube. The Court agrees with Defendants that "what was not disclosed was that theory that the Accurian device's thermocouple hypotube *alone*, which does not extend from the distal end of the energy delivery device, satisfies the claims' requirement for a protrusion" and that "[n]owhere in Avanos's contentions is the thermocouple hypotube—absent the steeple—addressed as having met each claim limitation." (ECF No. 165-2 at PageID 5214.) Defendants' citation to B-K Lighting Inc v. Vision3 Lighting is particularly instructive. 930 F.Supp.2d 1102, 1108 (C.D. Cal. 2013). There, the court rejected a theory of infringement that was not adequately disclosed in infringement contentions, noting that the "expert

9

report and brief in opposition to summary judgment [] identif[ied] two different pairs of tapered post/opening structures that purportedly infringe[d] the first resistance means, while [the] preliminary contentions identify only one." Id. at 1135.  Here, the Court is similarly convinced by Defendants' argument that "Dr. Haemmerich has articulated for the first time *two different* structures—(1) the stainless steel distal tip with thermocouple hypotube, and (2) thermocouple hypotube alone—that purportedly meet the 'electrically conductive protrusion' limitation in the asserted claims, while Avanos's Infringement Contentions have only ever identified one structure—the distal tip with thermocouple hypotube—of allegedly meeting this claim limitation." (ECF No. 156-1 at PageID 3890.)

Plaintiff also argues that "[e]ven if Dr. Haemmerich's expert report actually provided a new theory or relied on new evidence…that disclosure would be harmless here." (ECF No. 160 at PageID 4615.)  The Court applies the same Howe factors as those enumerated in section I to assess whether Plaintiff's failure to disclose was substantially justified.

Here, the critical factors are the extent to which allowing the evidence would disrupt the trial and the importance of the evidence. Howe, 801 F.3d at 748.  The infringement of the Accurian product, and particularly the portion disputed, goes to the heart of the dispute between the two parties.  Thus, the evidence is particularly important.  Defendants points to illustrative examples of responses they could have developed in response to this theory of infringement, including that: (1) "Avanos's new infringement theory renders the '755 patent claim invalid under 35 U.S.C. § 112 for lack of written description" because the "patent specification fails to provide support for an 'electrically conductive protrusion' that does not extend from the distal end of the energy delivery device"; (2) Medtronic would have asked inventor Mark Leung at his deposition about statements made during the '755 patent prosecution and how the applicants disclaimed this

10

new infringement theory"; and (3) "Medtronic would have asserted that U.S. Patent Nos. 6,575,969 and 6,506,189 are anticipatory art under 35 U.S.C. § 102 or render the claims invalid as obvious under § 103." (ECF No. 165-2 at PageID 5215.) The importance of the evidence thus weighs strongly in favor of Defendants. Furthermore, Plaintiff has repeatedly reiterated the need for a speedy trial in this case, which was the stated rationale for denying Defendants' motion for stay. (See ECF No. 118.) Accordingly, the Court instituted a tight scheduling order and rejected Defendants' request to amend final invalidity and uneforceability contentions because of the disruption of trial deadlines and prejudice to Plaintiff. (See ECF No. 144.) The same logic holds true now. Allowing this theory of infringement to go forward would cause prejudice to Defendants and disrupt the trial significantly. The Court finds that the other factors similarly weigh in favor of Defendant. For the reasons stated above, Defendants' Haemmerich Motion is **GRANTED**. The entireties of paragraphs 229 and 239, and the identified portions of paragraphs 232, 238, 255, and 258 of the Haemmerich Report are **STRICKEN**.

## IV.    CONCLUSION

For the foregoing reasons, Defendants' Hausman Motion is **DENIED** and Defendants' Haemmerich Motion is **GRANTED**. The portions of Dr. Haemmerich's report that were identified in Defendants' Haemmerich Motion are **STRICKEN**.

**IT IS SO ORDERED**, this 7th day of May, 2021.

   /s/ Jon P. McCalla  
JON P. McCALLA  
UNITED STATES DISTRICT JUDGE