```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF TENNESSEE
                      WESTERN DIVISION
```

| | |
|---|---|
| AVANOS MEDICAL SALES, LLC, )<br>)<br>  Plaintiff, )<br>)<br>v. )<br>)<br>MEDTRONIC SOFAMOR DANEK USA, )<br>INC., MEDTRONIC INC., and )<br>MEDTRONIC USA, INC., )<br>)<br>  Defendants. )<br>) | No. 19-cv-2754-JPM-tmp |

**ORDER GRANTING MOTION TO COMPEL PLAINTIFF'S PRODUCTION OF CLAWED-BACK DOCUMENT**

Before the court by order of reference is defendants Medtronic Sofamor Danek USA, Inc., Medtronic Inc., and Medtronic USA, Inc.'s Motion to Compel Plaintiff's Production of Clawed-Back Document, filed on July 2, 2021. (ECF Nos. 200, 203.) Plaintiff Avanos Medical Sales, LLC filed a response in opposition on July 16, 2021. (ECF No. 204.) On July 23, 2021, Medtronic, with leave of court, filed a reply in support of its motion. (ECF Nos. 208, 210.) For the reasons below, Medtronic's motion to compel is GRANTED.[1]

**I.   BACKGROUND**

---

[1] Although this motion and related filings were submitted under seal, because this Order does not disclose any sealed materials, the Order has not been placed under seal.

Discovery in the instant patent infringement lawsuit is nearing its close. The discovery dispute that is currently before the court centers on a single document, labeled "Probe Cross-Section" and Bates-stamped AVNS-00424241 (hereinafter "AVNS-00424241"). Plaintiff Avanos Medical Sales, LLC ("Avanos") initially produced AVNS-00424241 on October 16, 2020. (ECF No. 200-1 at 4.) According to Defendants Medtronic Sofamor Danek USA, Inc., Medtronic Inc., and Medtronic USA, Inc. (collectively "Medtronic"), AVNS-00424241 "confirms Medtronic does not infringe Avanos's asserted patent." (ECF No. 200-1 at 4.) On November 4, 2020, Medtronic submitted its Final Non-infringement Contentions, citing to and relying on AVNS-00424241. (ECF No. 200-1 at 4.) The next day, Avanos contacted Medtronic and asserted that AVNS-00424241 had been inadvertently produced and that it was privileged.[2] (ECF No. 200-2.) At Medtronic's request, Avanos produced its First Privilege Log on November 9, 2020. (ECF No. 200-5.) The log provides that AVNS-00424241 was authored by Walton Collins, a lab associate at the Georgia Tech Material Research Center, in August 2019 and sent to Ruoya Wang and Eric Schepis. (ECF No. 200-5.) When Medtronic attempted to depose Collins, Avanos

---

[2] Avanos also clawed back a document with the Bates stamp AVNS-00427896-907. (ECF Nos. 200-2; 200-3.) This document is not at issue in the instant motion to compel.

objected, stating that its other fact witnesses would have the same information as Collins.[3] (ECF No. 200-19 at 3.)

Medtronic "confirm[ed] that it ha[d] destroyed Avanos's documents bearing Bates Nos. AVNS-00424241 . . . pursuant to the claw-back provisions of paragraphs 23 and 24 of the Protective Order" in an email sent on November 24, 2020. (ECF Nos. 200-3.) However, despite destroying its copies of the document, Medtronic did not revise its Final Non-Infringement Contentions to remove references to AVNS-00424241. (ECF No. 208-2 at 7 n.4.) Two months later, on January 29, 2021, Avanos served Medtronic with an expert report by Dr. Dieter Haemmerich. (ECF No. 200-7 at 2.) Exhibit B to the report was titled "Materials Reviewed," and purported to include a list of every document that Dr. Haemmerich reviewed while preparing his report.[4] (ECF No. 200-7.) The list of materials considered by Dr. Haemmerich included AVNS-00424241.[5] (ECF No. 200-

---

[3]On December 7, 2020, Medtronic deposed Wang about Avanos's relationship with Collins and the design tip of the Accurian probe. (ECF No. 200-6.) Counsel for Avanos objected to many of Medtronic's questions about Collins and the contents of AVNS-00424241 on privilege grounds. (ECF No. 200-6 at 5-8.)

[4]Dr. Haemmerich's expert report reads: "In forming the opinions expressed herein and preparing this report, I have relied on my educational, professional and academic experience and considered the materials cited in this report and the materials listed in Exhibit B." (ECF No. 200-7 at 3 (emphasis omitted).)

[5]AVNS-00424241 apparently remained in Dr. Haemmerich's list of materials after Avanos served a redacted version of his report on May 11, 2021, in accordance with an order by this court striking certain arguments. (ECF No. 200-8 at 12.)

7 at 11.) Medtronic deposed Dr. Haemmerich on June 3, 2021. (ECF No. 200-9 at 2.) The following is an excerpt from the deposition:

> Counsel for Medtronic: You've included a list of the materials you reviewed in connection with your expert opinions. Right?
>
> Dr. Haemmerich: Yes, I did.
>
> . . .
>
> Counsel for Medtronic: [I]f you take a look at your opening expert report, your first expert report . . . It's the second to the last page of the report, second to the last page of the materials considered.
>
> Dr. Haemmerich: Okay.
>
> Counsel for Medtronic: Do you see, about six entries down, one of the things considered is called the Probe Cross-Section?
>
> Dr. Haemmerich: Yes, I see that.
>
> Counsel for Medtronic: And the Bates number is AVNS 424241. Right?
>
> Dr. Haemmerich: Uh-huh. I see that.
>
> Counsel for Medtronic: Is this a document that you were provided with during your analysis by counsel?
>
> Dr. Haemmerich: Can I take a look at that document?
>
> Counsel for Medtronic: I don't have that document.
>
> Dr. Haemmerich: You don't?
>
> Counsel for Medtronic: When you inspected that document, do you know whether counsel told you it was a privileged document or not?
>
> Dr. Haemmerich: I don't recall. I would have – yeah, I don't recall.
>
> Counsel for Medtronic: Have you ever heard of somebody named Walter Collins?

>Dr. Haemmerich: Walter Collins? No, I don't think so.
>
>Counsel for Medtronic: Do you know whether he authored that document, that Probe Cross-Section?
>
>Dr. Haemmerich: I don't know.
>
>Counsel for Medtronic: That was a document that you looked at when you were forming your opinions in this case. Correct?
>
>Dr. Haemmerich: Yes, I believe so. But I looked at a large number of documents, so it would be help – I mean, of course, you don't have it, so to the best of my recollection, yes.

(ECF No. 200-9 at 3-5.)

Following the deposition, Medtronic requested that Avanos produce (again) AVNS-00424241 and disclose when it provided the document to Dr. Haemmerich. (ECF No. 200-10.) Avanos refused, asserting in an email on June 10, 2021, that Dr. Haemmerich did not consider AVNS-00424241 in his report and that it was inadvertently included on the list of materials considered in Exhibit B. (ECF No. 200-11 at 2.) Additionally, Avanos provided a revised list of materials considered by Dr. Haemmerich in his report, this time omitting AVNS-00424241 from Exhibit B. (ECF No. 200-11 at 2.) After several rounds of emails, the parties were unable to resolve their dispute. Subsequently, Medtronic filed the instant motion to compel on July 2, 2021. (ECF No. 200.) In its motion, Medtronic argues that Avanos waived any privilege or work-product protection by providing AVNS-00424241 to Dr. Haemmerich for his consideration. (ECF No. 200-1.) Avanos filed a response on

July 16, 2021, averring that attorney-client privilege and work-product protection were not waived because Dr. Haemmerich did not consider AVNS-00424241 in making his report and because it had been inadvertently provided to him. (ECF No. 204.)

In support of its response to this motion, Avanos filed a declaration signed by Dr. Haemmerich on July 15, 2021. (ECF No. 204-1.) In his declaration, Dr. Haemmerich states that he was provided with AVNS-00424241 in January 2021 as part of a collection of documents cited by Medtronic in its Final Non-infringement Contentions. (ECF No. 204-1 at ¶ 3.) He states that,

> [f]or the purpose of rendering my opinions in my January 29, 2021 opening expert report on infringement, my March 30, 2021 rebuttal expert report on validity, and my May 6, 2021 reply expert report on infringement, I reviewed the documents cited in those reports. At no time did I consider or read or rely on the document 'AVNS-00424241.pdf' for purpose of forming any of my opinions in this case.

(ECF No. 204-1 at ¶ 4.) Further, he states that the document "was mistakenly listed on Exhibit B of my January 29, 2021 opening expert report on infringement." (ECF No. 204-1 at ¶ 5.) As for his deposition testimony, Dr. Haemmerich states

> Since I had no recollection of the document, I asked for a copy of it. Medtronic's counsel told me that she did not have the document, but asked again if I had looked at the document. Relying on the fact that the document was identified in my materials reviewed list, I answered: "Yes, I believe so. I looked at a large number of documents, so. I mean, of course, you don't have it. So to the best of my recollection, yes."

(ECF No. 204-1 at ¶ 7.) Dr. Haemmerich states that he reviewed AVNS-00424241 on June 7, 2021, with counsel for Avanos in preparation for responding to this motion and confirmed that he had not "consider[ed] or read or rel[ied] on that document for any of the opinions that [he] . . . expressed in this case." (ECF No. 204-1 at ¶ 9.) Lastly, Dr. Haemmerich concludes his declaration by stating that he is no longer in possession of AVNS-00424241. (ECF No. 204-1 at ¶ 10.)

## II.  ANALYSIS

Federal Rule of Civil Procedure 26(a)(2)(B)(ii) requires testifying expert witnesses to provide a report containing "the facts or data considered by the [expert] witness in forming [his or her opinions]." Fed. R. Civ. P. 26(a)(2)(B)(ii). Federal Rule of Civil Procedure 26(b)(4)(B)(ii) provides that communications between an attorney and a testifying expert witness are not discoverable "except to the extent that the communications . . . identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed." Fed. R. Civ. P. 26(b)(4)(B)(ii). Courts in the Sixth Circuit routinely require parties to disclose documents that a testifying expert witness considered before rendering his or her report, even if those documents are protected by the attorney-client privilege

or work-product doctrine.[6] See Adkisson v. Jacobs Eng'g Grp., Inc., No. 3:13-CV-505-TAV-HBG, 2017 WL 9476875, at *5 (E.D. Tenn. June 12, 2017) ("'Rule 26(a)(2)(B) trumps privilege,' whether the privilege stems from claims of attorney-client, work product, or common interest privilege") (quoting Euclid Chem. Co. v. Vector Corrosion Techs., Inc., No. 1:05 CV 80, 2007 WL 1560277, at *3 (N.D. Ohio May 29, 2007)); In re Commercial Money Ctr., Inc., Equip. Lease Litig., 248 F.R.D. 532, 535 (N.D. Ohio 2008) ("A majority of courts, including the Sixth Circuit, hold that even otherwise protected work product and attorney-client communications must be disclosed if considered by the expert in forming his or her opinions."). In practice, this means that "[a] party is entitled to access to 'all materials reviewed or considered by the expert, whether or not the expert report ultimately refers to those materials as a basis for his or her opinions.'" In re Davol, Inc./C.R. Bard, Inc., Polypropylene Hernia Mesh Prods. Liab. Litig., No. 2:18-md-2846, 2021 WL 2280657, at *2 (S.D. Ohio June 4, 2021) (quoting United States v. Am. Elec. Power Serv. Corp., Nos. 2:99-cv-1182, 2:99-cv-1250, 2006 WL 3827509, at *1 (S.D. Ohio Dec. 28, 2006)).

---

[6]While Medtronic states in a footnote that it does not concede that AVNS-00424241 is protected by either the work-product doctrine or the attorney-client privilege, Medtronic's motion focuses entirely on whether the privilege were waived. (ECF No. 200-1 at 5 n.1.) For purposes of resolving this motion, the court will assume that the document is privileged.

District courts analyzing what constitutes "consideration" by an expert have often held that a testifying expert considers a document if he or she "read[s] or review[s] the privileged materials before or in connection with formulating his or her opinion." Coda Dev. s.r.o. v. Goodyear Tire & Rubber Co., No. 5:15-CV-01572-SL, 2020 WL 8675391, at *2 (N.D. Ohio Oct. 30, 2020), objections overruled in part and sustained in part, 2021 WL 3958914 (N.D. Ohio Feb. 4, 2021); see also In re Davol, Inc., 2021 WL 2280657, at *2 (observing that "courts have interpreted 'considered' in Rule 26(a)(2)(B)(ii) expansively, concluding that 'considered' includes 'anything received, reviewed, read, or authored by the expert, before or in connection with the forming of his opinion, if the subject matter relates to the facts or opinions expressed.'") (quoting Euclid Chem. Co., 2007 WL 1560277, at *3); Trs. of Boston Univ. v. Everlight Elecs. Co., Ltd., No. 12-cv-11935-PBS, No. 12-cv-12326-PBS, No. 12-cv-12330-PBS, 2015 WL 13679784, at *4 (D. Mass. Oct. 20, 2015) (finding that "[an] expert must have at least read or reviewed a document to trigger the disclosure requirement"). "The burden of showing that an expert did not consider certain documents in forming his opinion rests with the party resisting the disclosure." Coda Dev. s.r.o., 2020 WL 8675391, at *3 (quoting Thieriot v. Jaspan Schlesinger Hoffman LLP, No. CV 07-5315 TCP AKT, 2011 WL 4543308, at *4 (E.D.N.Y. Sept. 29, 2011)). "Although an expert's representation as to whether or

not he considered a document is not controlling, his testimony that he did not receive, read, review or author a document will negate discovery absent persuasive evidence to the contrary." Euclid Chem. Co., 2007 WL 1560277, at *4 (citing Amway, 2001 WL 1877260, at *1). "Ambiguities" in whether an expert considered a document "are resolved in favor of discovery." In re Davol, Inc., 2021 WL 2280657, at *2 (citing W. Res., Inc. v. Union Pac. R.R. Co., No. 00-2045-CM, 2012 WL 181494, at *16 (D. Kan. Jan. 31, 2002)).

It is undisputed that Dr. Haemmerich received a copy of AVNS-00424241 prior to drafting his expert report. (ECF No. 204-1 at 1.) The issue, then, is whether Dr. Haemmerich considered it in rendering his opinion. The court finds that Avanos has not satisfied its burden of showing that Dr. Haemmerich did not consider AVNS-00424241 in rendering his report. During his deposition, Dr. Haemmerich testified that if the document was listed in Exhibit B to his report, then he looked at it when preparing his report. (ECF No. 200-9 at 4-5.) Later, in his declaration, Dr. Haemmerich states that he "reviewed the documents cited in [his expert reports]." (ECF No. 204-1 at ¶ 4.) This would include AVNS-00424241. ((ECF Nos. 200-7 at 11; 200-8 at 12.)

While the declaration also states that Dr. Haemmerich did not "consider or read or rely on" AVNS-00424241 when rendering his opinions and that he is no longer in possession of the document,

- 10 -

(ECF No. 204-1 at ¶¶ 4, 9), these statements do not "clearly establish[]" that he did not review or consider AVNS-00424241 in light of the rest of the record. Coda Dev. s.r.o., 2020 WL 8675391, at *3 (quoting Thieriot, 2011 WL 4543308, at *4); compare Trs. of Boston Univ., 2015 WL 13679784, at *4 (finding that work-product protection was waived where documents were inadvertently sent to a testifying expert and the expert "did not categorically deny reading or reviewing the documents") with Thieriot, 2011 WL 4543308, at *1, *5 (finding that an expert did not consider a work-product protected document where his declaration stated that the expert did not review the letter because he "presumed it would have contained primarily opinions of counsel" and he "affirm[ed] that at no time did [he] read the content of that letter"). Dr. Haemmerich has testified under oath that he at least looked at AVNS-00424241 and swore in his declaration that he "reviewed" it for purposes of rendering his opinions. See Coda Dev. s.r.o., 2020 WL 8675391, at *3 (finding that no waiver where there was "unrebutted evidence that the expert did not read or review the document in question"). Because "Rule 26(a)(2)(B) . . . requires the disclosure of 'any information furnished to a testifying expert that such an expert generates, *reviews*, reflects upon, reads, and/or uses in connection with the formulation of his opinions, even if such information is ultimately rejected,'" the court finds that Avanos has waived any privilege or work-product protection as

to AVNS-00424241. Picken v. Louisville Ladder Inc., No. 11-13044, 2013 WL 12182395, at *2 (E.D. Mich. Sept. 23, 2013) (emphasis added) (quoting Fialkowski v. Perry, No. 11–5139, 2012 WL 2527020, *3 (E.D. Pa. 2012)).

### III. CONCLUSION

For the reasons above, Medtronic's Motion to Compel Plaintiff's Production of Clawed-Back Documents is GRANTED. It is ORDERED that Avanos has seven (7) days from the entry of this order to produce a copy of AVNS-00424241. Further, the court GRANTS Medtronic's request to supplement its experts' reports depending on the contents of AVNS-00424241. Medtronic shall have ten (10) days after receiving a copy of AVNS-00424241 to submit brief supplements to its experts' reports addressing AVNS-00424241 to the extent they are necessary.

IT IS SO ORDERED.

/s/ Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

July 30, 2021
Date